[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#120)
The defendant, Alan Pagano, has filed a motion for summary judgment on the third count of the plaintiffs' complaint. In the third count of the complaint, the plaintiffs, Robert J. Vissa and Pagano Seafood, Inc. ("the corporation"), allege that the defendant has misappropriated the assets of the corporation by taking over the operations of the corporation and running the business as a competitor to the corporation. The plaintiffs further allege that the defendant has failed and refused to account to the plaintiff corporation for the income, assets and profits of the corporation, despite demand made upon the defendant. According to the plaintiffs, the plaintiff corporation has been damaged by the defendant's actions and the defendant has been unjustly enriched.
The defendant argues that he is entitled to summary judgment on two grounds. First, the defendant argues that the plaintiffs have not adequately stated a claim for unjust enrichment Second, the defendant argues that any claim for unjust enrichment is barred by the applicable statute of limitations. The plaintiffs oppose the motion.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts. . . ." Hertz Corp. v.Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. CT Page 4660
The defendant relies on Meaney v. Connecticut Hospital A'ssn.,250 Conn. 500, 511, 735 A.2d 813 (1999) to argue that the plaintiffs have not stated a claim for unjust enrichment because the plaintiffs have not alleged the existence of a contract under which the defendant was provided services or property. In Meaney, the court stated: "Unjust enrichment applies wherever justice requires compensation to be given for property or services rendered under a contract, and no remedy is available by an action on the contract." (Internal quotation marks omitted.) Meaney v. Connecticut HospitalAssn., supra, 250 Conn. 511. However, the court in Meaney did not limit the doctrine of unjust enrichment to situations in which the defendant has benefitted under a contract. In fact, the court in Meaney stated: "A right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . . With no other test than what, undera given set of circumstances, is just or unjust, equitable orinequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard. . . . Unjust enrichment is, consistent with theprinciples of equity, a broad and flexible remedy." (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 511-12. Accordingly, the defendant's argument that the court in Meany limited the application of the doctrine of unjust enrichment to situations in which the defendant has benefitted under a contract is unpersuasive.
"Plaintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefitted, (2) that the defendant unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment." (Internal quotation marks omitted.) Barbara Weisman, Trusteev. Kaspar, 233 Conn. 531, 550, 661 A.2d 530 (1995). Here, the third count alleges a derivative action in which the plaintiff Vissa, a shareholder, brings an action on behalf of the plaintiff corporation. The plaintiffs allege that the defendant misappropriated the assets of the corporation and took over the business operations of the corporation. The plaintiffs further allege that the defendant has failed to account to the corporation, and that the corporation has suffered a detriment as a result of the defendant's actions. Accordingly, the court finds that the plaintiffs have sufficiently stated a cause of action for unjust enrichment.[1] See Fink v. Golenbock, 238 Conn. 183, 210,680 A.2d 1243 (1996) ("Given the testimony . . . the jury could reasonably have found that by preventing the plaintiff from participating in the corporation's medical practice, by using the CT Page 4661 corporation's funds for personal speculative investments, and by taking over the corporation's client base, equipment and assets in order to establish a new corporation . . . [the defendant] had engaged in conduct that made him individually liable for . . . unjust enrichment . . .").
The defendant also argues that the plaintiffs' claims in count three essentially sound in tort, and therefore the court should apply the tort statute of limitations. "The interpretation of pleadings is always a question for the court. . . . The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically." (Citation omitted; internal quotation marks omitted.) Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 82-83, 700 A.2d 655 (1997). "Although essential allegations may not be supplied by conjecture or remote implication; . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." (Citations omitted; internal quotation marks omitted.) Parsons v. UnitedTechnologies Corp., supra, 243 Conn. 83.
Here, the plaintiffs, in count three, allege that the defendant committed several torts, including misappropriation, tortious interference with business expectations and breach of fiduciary duty. However, as previously discussed the plaintiffs also allege sufficient facts to state a claim for unjust enrichment and state that the plaintiff corporation has been damaged and the defendant unjustly enriched. Accordingly, the court finds that the pleadings provided sufficient notice of the unjust enrichment claim.
The defendant also argues that the doctrine of unjust enrichment is an equitable doctrine, rather than an equitable remedy, and therefore the court must apply the tort statute of limitations to the plaintiffs' claim. In support of his argument, the defendant relies upon Dunham v. Dunham, 204 Conn. 303, 327, 528 A.2d 1123 (1987), in which the court states: "A party may, however, be barred from seeking equitable relief by the defense of laches, which applies only if there has been an unreasonable inexcusable and prejudicial delay in bringing suit." The defendant's argument is unpersuasive.
In Dunham, the plaintiff's first count was an equitable action seeking relief from a probate decree. Dunham v. Dunham, supra, CT Page 4662204 Conn. 326. The defendant in Dunham argued that because the plaintiff prevailed on the underlying claim for breach of fiduciary or confidential relationship, the three year statute of limitations applicable to tort actions applied. Id. The court stated: "The fallacy in the defendant's argument is his assumption that a court, action under its equitable powers, is bound to apply the statute of limitations that governs the underlying cause of action. In fact, inan equitable proceeding, a court may provide a remedy even though thegoverning statute of limitations has expired, just as it hasdiscretion to dismiss for laches an action initiated within theperiod of the statute. . . . Although courts in equitable proceedings often look by analogy to the statute of limitations to determine whether, in the interests of justice, a particular action should be heard, they are by no means obligated to adhere to those time limitations." (Citations omitted.) Id., 326-27. There is no indication in Dunham that the court intended to distinguish between an equitable doctrine and an equitable remedy. In fact, the court stated that in an "equitable proceeding" the court need not adhere to the statute of limitations of the underlying cause of action. See id. Accordingly, this court will not apply the tort statute of limitations to the plaintiffs' unjust enrichment claim.[2]
Therefore, the court finds that the plaintiffs' claim for unjust enrichment is not barred by the tort statute of limitations.
For the foregoing reasons, the defendant' motion for summary judgment is denied.
KARAZIN, J.